J. J. ROBINSON, Respondent, v. THE TROUP MINING COMPANY, Appellant.

**Kansas City Court of Appeals, January 8, 1894.**

1. **Mines and Mining:** POSTING NOTICE OF LEASE: SUBTENANT'S PURCHASE OF LANDLORD'S TITLE. Where' the landlord on leasing mining lots fails to post the notices required by section 7034, Revised Statutes, 1889, the lease will expire at the close of three years, and the subtenant who, during the currency of the three years, bought the landlord's title will take the same at the expiration of that time, free from the prior claim of the first tenant.

2. **Landlord and Tenant:** DISPUTING TITLE: ESTOPPEL. A tenant may not dispute his landlord's title at the commencement of the term, but may show that his interest has terminated by the efflux of time, and the fact that, by inadvertence or mistake of his rights, he may have paid rent for the expiration of leasehold, will not be construed into a continuance of the tenancy.

*Appeal from the Jasper Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED.

*Thomas & Hackney* for appellant.

(1) Neither J. R. Troup nor the Weston Land and Mineral Company, while the owner of the land in controversy, complied with the provisions of section 6441, Revised Statutes, 1879 (now section 7034, R. S. 1889); Revised Statutes, 1879, section 6442; Revised Statutes, 1889, section 7035; Session Acts, 1877, p. 313; *Desloge v. Pearce*, 38 Mo. 588. (2) The defendant company became the owner of the fee to the lots in controversy, February 8, 1889, by purchase from the Weston Land and Mineral Company (lessor of plaintiff and his associates); and, although at the time of this

purchase the defendant was occupying the premises as the lessee or tenant of plaintiff under an oral contract, no term being specified, and occupied the premises thereafter; still, on the expiration of the plaintiff's three years' right or license, in April, 1889, the defendant company ceased to be the tenant of plaintiff, and its possession of the lots thereafter was that of owner of the fee instead of tenant of plaintiff; and it was not necessary for the defendant company to surrender possession of the premises to the plaintiff, nor to give the plaintiff any notice repudiating the tenancy after the expiration of his interest. 2 Herman on Estoppel and Res Judicata, sec. 871, pp. 998, 999; *Presstman v. Silljacks*, 52 Md. 647; *Shields v. Lozear*, 34 N. J. L. 496. (3) The defendant company is not estopped from showing that plaintiff's interest in, or right to, the lots in controversy expired by limitation or efflux of time subsequent to the leasing thereof by plaintiff and his associates, to Gray & Grounds or the defendant. *Meier v. Thieman*, 15 Mo. App. 307; *Chaffin v. Brockmeyer*, 33 Mo. App. 96; *Culverhouse v. Worts*, 32 Mo. App. 426; *Pentz v. Kuester*, 41 Mo. 449, 450; *Higgins v. Turner*, 61 Mo. 249; *Presstman v. Silljacks*, 52 Md. 647; *Lawson v. Clarkson*, 113 Mass. 348; 2 Taylor on Landlord and Tenant [8 Ed.], sec. 708; 2 Herman on Estoppel and Res Judicata, secs. 843, 858, 868, 871; 12 American and English Encyclopedia of Law, p. 706; see, also, cases cited in note to *Horner v. Leeds*, 2 Leading Cases in American Law, Real Property, by Sharswood and Budd, pp. 73, 74.

*E. O. Brown* and *J. H. Flanigan* for respondent.

The record in this case disclosed the existence of a contract between the parties so clearly, and the judgment of the trial court having been simply to uphold

and sustain the contract, the respondent contents himself with calling the attention of the court simply to the following citations: "In leasing, paying rent and proposing to buy, the defendants admitted the capacity of plaintiff to lease lands in question. 2 Taylor's Landlord and · Tenant, sec. 512." "If defendant treated plaintiff as its landlord by accepting lease, paying rent and the like, it is precluded from showing that he had no title at the time they paid rent, etc. *Ibid.*, section 705."

GILL, J.—Owing to the appearance in this record of so much immaterial matter, it is quite difficult to make a clear and yet concise statement.

The plaintiff sues the defendant, Troup Mining Company, for the rent or royalty alleged to be due him on two mining lots which he developed and which he subsequently let to the defendant; that the mining company occupied and worked the property during the period from July, 1889, to May, 1891, without paying the rent or royalty as agreed. Among the defenses relied on is, that plaintiff's interest in the lots expired in April, 1889, and that hence he is not entitled to anything because of minerals taken out after that date.

Eliminating much that is wholly immaterial, the facts necessary to be stated are as follows: In April, 1886, plaintiff registered as miner of lots 23 and 24 in a forty acres of land in the mineral region of Jasper county then owned by the Weston Land and Mineral Company. This corporation failed, however, to post up any printed statement of the terms and conditions upon which the land was to be mined, and the time during which the right to mine thereunder should continue, as required by the mining statute. Revised Statutes, 1879, section 6441, now section 7034, Revised Statutes, 1889. The plaintiff, after a limited develop-

ment of the lots in 1887, rented the same to one Staggs, with a parol agreement by Staggs to pay a certain proportion of the minerals raised therefrom. Shortly thereafter, and in the same year (1887), Staggs, with plaintiff's consent, sold out to Gray & Grounds, who in the same year (1887), or first part of 1888, became, with some others, the defendant company. The defendant mining company worked the lots 23 and 24, as tenants under the claim of plaintiff, and paid the rent or royalty to July, 1889, when it refused to pay any further, assigning as a reason that plaintiff's interest in the lots had expired, and that no rents or royalty were due him. Defendant rests this claim—that plaintiff had ceased to have any further interest in the mining lots—on the fact that more than three years had expired since plaintiff entered upon the land for mining purposes, and that, by reason thereof, and the further admitted fact that plaintiff took his interest without any printed terms, etc., being posted by the owner of the land, the leasehold of the plaintiff expired in April, 1889 (which was three years from the time plaintiff entered on the land of the Weston Land and Mineral Company). It is also proper to state that in February, 1889, the defendant company bought and secured the conveyance of the fee to the forty acres wherein lies the two lots in controversy; and during the time for which plaintiff's rent is claimed the defendant asserts a right because of its absolute ownership of the land and not as plaintiff's tenants.

A trial was had by the court below sitting as a jury, and from a judgment for $1,388.59 in plaintiff's favor defendant has appealed.

Upon a careful consideration of the law and facts of this case we fail to discover any correct theory that will sustain the judgment. We have in this state a special statute applying to these mining matters. By

section 7034, Revised Statutes, 1889, it is provided that: "When any person owning real estate in this state * * * shall permit any person or persons, other than their servants, agents or employees, to enter and dig or mine thereon for lead, ore or other minerals, with the consent of such owner or owners * * * he or they shall keep a printed statement of the terms, conditions and requirements upon which such lands may be mined or prospected, and the *time during which the right to mine or prospect thereunder shall continue,* posted or hung up in a conspicuous place, in plain, legible characters, in the principal office or place of business of such person or company in the county in which said lands are situated," etc. * * *

And by section 7035 it is, in effect, provided that if such owner of mining lands permit others to enter upon the same and in good faith to dig or open up any shafts, mines or quarry, etc., "but without such owner complying with the provisions of section 7034" (that is by posting up the terms, etc., and reciting therein the time such miners may continue), then such miners "shall have the exclusive right as against such owner giving such permit or consent, and against any person claiming by, through or under such owner, to continue to work, mine, dig, etc., * * * in said real estate, with the right of way over such lands for the purpose of such mining, *for the term of three years from the date of the giving such consent or permit,*" *provided,* however, that, if such persons mining as aforesaid fail or neglect to work such shafts, mines, etc., for ten days in any one month, then they shall forfeit the right so to do, etc.

When, now, plaintiff Robinson, in April, 1886, entered upon this mining property, then owned by the Weston Land & Mineral Company, and proceeded to work thereon, the said company had failed to post the

printed statement of terms, etc., as required by section 7034, and, therefore, plaintiff's right to the use and possession of said mining lots became fixed by the terms of section 7035. The matter then stood, and the rights of the parties occupied the same attitude, as though there had existed a written contract or agreement between the parties conforming to the terms of said section. Robinson had thereby the right to use and occupy the land for mining purposes for the period of three years and no longer; and in return therefor he was to pay the rent or royalty in said section provided. The plaintiff's tenancy then became fixed, and definite as to time, and expired, as if by an express stipulation, in April, 1889, three years from the time he entered by the consent of said Weston Mining Company.

Plaintiff then having this interest in the nature of a leasehold estate for the fixed term of three years, expiring in April, 1889, sublet the same to the defendant company in the latter part of 1887. This was a parol contract with no definite time named, but as the plaintiff's term would expire in April, 1889, his subtenant could not claim beyond that date. Before the expiration of plaintiff's three-year term, that is on February 8, 1889, the defendant mining company purchased from the Weston company the entire reversion, the fee of the land. When, then, plaintiff's particular estate was determined in April, 1889, the reversionary interest then held by the defendant company was the whole estate, and it had the undoubted right to hold and use and enjoy the same free and unincumbered of the prior claim of the plaintiff.

While now the tenant will not be permitted to set up that his landlord had no title when the tenancy commenced, he may yet show that the interest of the landlord as it then existed had terminated as by efflux

of time, etc. *Meirer v. Theimann*, 15 Mo. App. 307, and cases cited at page 310; 2 Herman on Estoppel, sec. 868, etc.; 2 Taylor's Landlord and Tenant [8 Ed.], sec. 708.

And that was the extent of the defense here. The defendant mining company did not dispute the title of the plaintiff at the time he let this property; but it was shown beyond question that before the period for which rent is claimed in this action the plaintiff's interest had expired; that when he rented the property to defendant he had only an unexpired leasehold terminating by its very terms several months before the time for which he now claims rent.

That the defendant inadvertently, or by mistaken notion of its legal rights, may have paid to plaintiff rents after the expiration of his leasehold, or may have offered to purchase any rights or claims which the plaintiff asserted to the mining lots, cannot be construed into a continuance of the tenancy. As well said by defendant's counsel, plaintiff was not thereby induced to part with anything or to alter his position in any respect; he lost nothing by defendant's mistakes; he simply received rents for about three months to which he was not entitled.

The judgment will be reversed. All concur.