State v. Waters.

# THE STATE v. WATERS, Appellant.

### Division Two, May 8, 1900.

**Homicide:** FAILURE TO INSTRUCT: NO EXCEPTIONS: ERROR NOT REVIEW-ABLE. Where, in a prosecution for murder, no exceptions are saved to the court's rulings at the trial, except to the overruling of a motion for a new trial, nor to the instructions given, nor to the failure to instruct on all questions of law, neither error in the instructions given nor the court's failure to instruct on murder in the second degree can be reviewed on appeal.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*W. W. Corbett* and *Thos. J. Brown* for appellant.

This case ought to be reversed because the court failed to instruct the jury, as the evidence warranted, for murder in the second degree, and manslaughter in the several degrees as provided by statute. Sec. 4208, R. S. 1889; State v. Branstetter, 65 Mo. 149; State v. Swanagan, 109 Mo. 233; State v. Hopper, 71 Mo. 431.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) At no place do the records show there was an exception taken to the ruling of the court, save to the overruling of the motion for a new trial. This prevents defendant from taking advantage of any error the court might have made in refusing or admitting evidence (though it made none, as the bill of exceptions will show). It also prevents

him from finding fault with the instructions not given and refused, though the records show that none was offered that was refused. State v. Moore, 117 Mo. 395; State v. Maloney, 118 Mo. 112; State v. Adams, 108 Mo. 208; State v. Hope, 100 Mo. 347; State v. Smith, 114 Mo. 406; State v. Hayes, 81 Mo. 374. (2) In order to give the Supreme Court authority to consider objections to the instructions they must be objected to and the ruling of the court excepted to, whether or not the imagined error is insufficiency of the instructions, or because the court fails to instruct on all the law in the case. That was not done in this case. However, there can be found no error in the instructions as given, or in the ruling of the court in refusing any the defendant might have asked. State v. Cantlin, 118 Mo. 100; State v. Edwards, 71 Mo. 312; State v. Minton, 116 Mo. 605; State v. Noeninger, 108 Mo. 166.

SHERWOOD, J.—The defendant is a negro. In April, 1899, his wife owned three acres of land in the venue, and on which he and his wife lived. Frank Holmes of the same race owned an adjoining tract of two acres, on which he and his wife lived.

Sometime previous to the occurrence which forms the subject of the charge contained in the indictment, a disagreement had arisen between Waters and Holmes respecting that fruitful subject of lawsuits and homicides, a division fence. As Holmes desired to withdraw from joining fences with Waters, he decided to erect his own fence and with that end in view, he and his wife Millie, went out to build his own fence, and while they were engaged in this work, Waters approached and interposed objections and without waiting for response, and when only about twenty steps away, fired on Holmes with a shotgun, the load of shot striking the victim squarely in the forehead, tore away its right part, and

the victim fell dead. Not satisfied with this, defendant reloaded his gun and shot down Holmes's widow, and then fled. A small hatchet was found some twenty steps from her body which she had used in repairing the fence.

Defendant, finally arrested at Cairo, Illinois, and brought back to Missouri for trial, stated he did the killing, but fearing mob violence, sought safety in flight.

On trial had, the homicide by defendant was admitted, but a plea of self-defense was interposed, defendant testifying in his own behalf that Holmes was endeavoring to come over on defendant's land and join fences with that of defendant, and was working at the fence for that purpose, when defendant objected and Holmes made at him with a hatchet, threw it at him and tried to hit him with a piece of rail, when defendant shot him in self-defense.

The instruction given by the court was such as are usually given in cases of this sort. It embraces murder in the first degree, flight and the presumption arising from it unless countervailed, etc., etc., and the doctrine of self-defense.

No exception was saved during the trial to any ruling of the court except as to the overruling of the motion for a new trial, and consequently nothing that occurred during the trial is open for review. This embraces the point that the court failed to instruct on murder in the second degree, etc., etc., mentioned in that motion.

As no exception was saved as to the instruction given, and none as to the failure of the court to instruct on all questions of law, etc. (State v. Cantlin, 118 Mo. 100, and numerous other cases which have followed it), we can not consider the propriety of the action of the court in failing to instruct on murder in the second degree.

It is well enough, however, to say that a portion of the instruction given by the court was wrong; that portion relating to defendant's voluntarily entering into the difficulty.

This portion repeats the heresy condemned in State v. Rapp, 142 Mo. loc. cit. 448, and later cases.

But notwithstanding this error, inasmuch as no exception was saved to it, it is beyond our power to correct or revise the non-excepted-to error.

In conclusion, as the evidence fully supports the charge and verdict of murder in the first degree and as no error appears in the record in such shape as to admit of examination, we affirm the judgment, and direct the sentence of the law to be executed. All concur.