THE STATE v. ALICE NORMAN and MARY DAVID, Appellants.

Division Two, February 12, 1901.

1. **Practice:** MOTION FOR NEW TRIAL: ASSIGNMENT OF ERROR. A motion for a new trial on the ground that the trial court erred in admitting incompetent and immaterial evidence on the part of the State, and in excluding competent and material evidence on the part of the defense, should be sufficiently specific to enable the Supreme Court to determine what evidence is meant. Unless it does so, such assignment of error will not be considered.

2. ———: ———: FAILURE TO INSTRUCT: NO OBJECTION. Objection to the failure of the trial court to instruct upon all the law of the case, should be made at the time the instructions are read to the jury, and can not be raised for the first time on motion for a new trial.

3. ———: ———: NEWLY-DISCOVERED EVIDENCE: NOT SET OUT. Where a new trial is asked upon the ground of newly-discovered evidence, the evidence should be set out in the motion, in order that the court may pass upon its materiality. The mere fact asserted in the motion that such evidence is material, is no proof that it is so.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*Bowcock & Fickeissen* for appellant.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1) Defendants raised the point in the motion for a new trial that the court failed to instruct upon all the law of the case. No such objection was raised at the time the instructions were given the jury. It comes too late when for the first time raised in the motion for new trial. This court has so held. (2) The newly-discovered evidence is not set out in the motion, nor is a proper showing in regard to it made in any essential respect. It can not here be considered. Allegations in the motion for new trial do not prove themselves.

BURGESS, J.—At the February term, 1900, of the circuit court of the city of St. Louis, defendants were convicted and their punishment fixed at two years' imprisonment each in the penitentiary, under an indictment charging them with taking away a female under the age of eighteen years for the purpose of prostitution. They appeal.

Since the case has been pending in this court, Alice Norman has dismissed her appeal.

The facts are substantially as follows:

Susie Wilson had been employed for more than two years at the Planters Hotel in the city of St. Louis, first as "dishwasher," and then as a "scrub girl." She was fifteen years old at the time of the offense. The evidence is conflicting as to

where she and defendants became acquainted; the prosecuting witness testifying that Mrs. David was a guest at the Planters Hotel for about a week, and that during this time she became acquainted with her; that according to engagement they took a walk one evening and came across defendant Alice Norman at a wine room; that it was agreed that she should go with Mrs. David to her home in "West End," and do light housekeeping for her; that she and Mrs. David went to see Mrs. Wilson, Susie's mother, and that the mother was satisfied with the change from Planters Hotel to light housekeeping for Mrs. David. Mrs. David and Mrs. Norman represented themselves to the prosecutrix as sisters, and Mrs. David took the prosecutrix to Union Station, and told her to remain there till Mrs. Norman came, when they would take the train for their West End home. Mrs. Norman went to the station where she found the girl waiting for her, and secured tickets to Roodhouse, Illinois, a small town about seventy-two miles north of St. Louis. They left St. Louis about dark, and arrived at Roodhouse about eleven o'clock that night. The prosecuting witness said she thought she was going to "West End," and on arriving at Roodhouse did not know where she was until some of the defendant Norman's family told her.

The evidence on the part of the defendants is to the effect that they met the prosecutrix at the wine room and arranged for her to go with Mrs. Norman to Roodhouse for the purpose of acting as a common bawd; that they refused to let her go until she had stated that she was over eighteen years of age and had been in the habit of visiting assignation houses for about two years past; that before she could go, the matter must be presented to her mother and her consent obtained; that defendant David went with the prosecutrix to her mother's house where she was fully informed of the intention of prosecutrix; that her mother said Susie was over eighteen years of

age and could do as she pleased, as she had to make her own living.

After reaching Roodhouse on the night of November 7, 1900, Susie Wilson went with the defendant Norman to her home, which proved to be an ordinary sporting house. From the testimony there can be no question but that the full intention of defendants was to take the prosecutrix away for the purpose of prostitution.

About two weeks after the prosecutrix went to Roodhouse with defendant Norman, she wrote to her mother in St. Louis. On receiving the letter, the father of the girl went to Roodhouse, and by the aid of the police officers located her and returned to St. Louis, defendant Norman going with them. An arrest followed, and defendants were jointly indicted.

The statute under which defendants were indicted (Section 1842, Revised Statutes 1899), reads as follows: "Every person who shall take away any female under the age of eighteen years from her father, mother, guardian or other person having the legal charge of her person, either for the purpose of prostitution or concubinage, and any father, mother, guardian or other person, having the legal charge of her person, who shall consent to the same, shall, upon conviction thereof, be punished by imprisonment in the penitentiary not exceeding five years."

In the motion in arrest of the judgment, filed by defendants, the indictment is challenged upon the ground as claimed that it will not sustain the verdict, but for what reason we are not informed, nor are we able to conceive. It is in strict compliance with the statute, and we think free from objection.

In the motion for a new trial it was asserted that the court erred in admitting incompetent and immaterial evidence on the part of the State, and in excluding competent and material evidence offered by defendants, but these assignments are of

such a general character that we are unable to determine without more specific reference what evidence was meant, and will not undertake to do so.

Another ground for new trial assigned in the motion is the failure of the court to instruct upon all the law of the case. But no such objection was made at the time the instructions were read to the jury, and could not be raised for the first time on motion for a new trial. [State v. Cantlin, 118 Mo. 100; State v. Meadows, 156 Mo. 110; State v. Waters, 156 Mo. 132.]

A new trial was also asked upon the ground of newly-discovered evidence, but the evidence was not set out in the motion. The mere fact, asserted in the motion, that the newly-discovered evidence was material, did not prove it to be so. It should have been set out in order that the court might pass upon its materiality. For these reasons, besides others unnecessary to mention, this question can not be considered by this court.

There was an abundance of evidence upon which to predicate the verdict of the jury. The judgment is affirmed.

*Sherwood, P. J.,* and *Gantt, J.,* concur.