## S. P. ASHCRAFT, Respondent, v. ENGLEWOOD MINING COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1904.

MINES AND MINING: Duration of License: Stipulation of Rules: New License. Where a lessee of mining land plats it and posts rules omitting to name the time for the continuance of miner's rights to operate as required by the statute, then the license continues for a period of three years and no longer and the licensee after that period may take a new license from the owner of the fee.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED.

*Frank L. Forlow* for appellant.

(1)   When the Center Valley Company procured its lease from Hockadays, the owners of the land and laid the same out into mining lots, and posted and had in force the rules and regulations; and had and kept a mining register in which persons desirous of mining were compelled to register, when taking lots, the company had complied with the laws of this State, and the rules and regulations became the contract between Ashcraft and the Center Valley Company.   R. S. 1899, sec. 8766.   (2)   Ashcraft, the plaintiff, by signing the register of the Center Valley Company became a licensee of the lots, under the rules and regulations, but the possession remained for the time being in the Center Valley Company.   Rochester v. Mining Co., 86 Mo. App. 662; Lowe v. Smelting Co., 89 Mo. App. 630.   (3) As no time was fixed for the termination of the right to mine under the registration made by Ashcraft under the rules and regulations of the Center Valley Company, his right would end and terminate in three years from the date of his registration.   R. S. 1899, secs. 8766 and 8767; Robertson v. Mining Co., 55 Mo. App. 662. (4)   The Center Valley Company assigned its lease, to the American Company, and the American Company purchased the fee of the land from Hockadays and after that promulgated its own rules and regulations and permitted the defendant to sign its register and the defendant thereby became the licensee of the American Company, and no longer under obligation to the plaintiff to pay rental under the agreement made with him. Robertson v. Mining Co., supra.   (5)   The defendant is not estopped from showing that plaintiff's interest in or right to the lots in controversy expired by limitation or efflux of time subsequent to the making of the contract with plaintiff.   Meier v. Thieman, 15 Mo. App. 307; Chaffin v. Brockmeyer, 33 Mo. App. 96; Culver-

house v. Worts, 32 Mo. App. 426; Higgins v. Turner, 61 Mo. 249; Lawson v. Clarkson, 113 Mass. 348.

*Thomas & Hackney* for respondent.

(1) The written contract between plaintiff and Reber expressly provided that the royalty therein specified should be paid by Reber or his successors as long as they operated the lots. It was competent for the parties to contract for the payment of this purchase-money in any form they saw fit, either in a gross sum or in installments or in royalty. (2) The time fixed by the terms of the contract for the payment of the royalty was so long as the lots should be operated by Reber or his successors. The defendant had the privilege of terminating this contract at any time by abandoning the property or surrendering it to plaintiff. It was liable only for such time as it occupied the lots; but so long as it occupied the lots the plaintiff was entitled to the royalty specified in the contract. (3) Treating the contract between plaintiff and Reber as a subletting or sublicensing of the property and that in fact the plaintiff's license might have been limited to a period of three years, yet the defendant having obtained possession of the plaintiff's mines under the contract and occupied the same as plaintiff's sublessee or sublicensee, and during the time plaintiff's license was in full force and effect, the defendant by virtue of its possession of the property and of the confidential relations existing, having procured a renewal or extension of the license, such renewal or extension would inure to the benefit of the plaintiff in so far as it was necessary to support the contract between the plaintiff and defendant touching the payment of royalty. 2 Pomeroy, Eq. Juris. (2 Ed.), sec. 1050, pp. 1559-60-61; Holdridge v. Gillespie, 2 Johns. Ch. 30; Phyfe v. Wardell, 5 Paige 268; Gibbs v. Jenkins, 3 Sand. Ch. 131. (4) There can be no distinction between the rights and lia-

bilities of the parties in the renewal of a lease and in the renewal of a license.

ELLISON, J.—This action was brought to recover a sum of money alleged to be due plaintiff as royalty on ore taken from a mine in Jasper county. The plaintiff prevailed in the trial court.

The Hockadays owned a tract of land in said county and in 1896 made a mining lease to the Center Valley Lead & Zinc Company for a term of ten years. That company laid the land off into mining lots and posted its rules and regulations for mining (sec. 8766, R. S. 1899) by those desiring to mine. Some time prior to May 22, 1899, plaintiff registered on several of the mining lots under the rules so posted by the Center Valley Company. On that day he made a written contract with one Reber, whereby he sold to the latter his mining rights in said lots in consideration that Reber would pay him certain royalty which was to be paid by him or his successors "as long as we operate said lots." Reber took possession, began to operate the mines, and soon organized the defendant corporation and assigned to defendant the contract between himself and plaintiff.

The defendant continued to operate the mines and to pay plaintiff the royalty agreed until June, 1902, when it ceased to pay and denied plaintiff's right thereafter to collect royalty. The reason for defendant's denial of plaintiff's further right and of its refusal to pay any royalty after that date, is the following:

In August, 1899, the Center Valley Company (under the rules of which plaintiff registered as stated) assigned its lease on the lands to the American Zinc Company which latter company soon after the assignment bought the fee simple title from the Hockadays. Then, on November 10, 1900, the defendant (it seems endeavoring to change licensors) entered into a written contract with the American Company wherein it

was recognized that defendant was then mining the lots under its contract with plaintiff, and whereby it was provided that the mining license thus given by the American Company should exist for a period of eight years and six months from May, 1902. In July, 1901, the American Company posted printed rules as authorized by section 8766, of the statute, and the defendant signed its register under such rules.

It will be noticed that the defendant's contract with the American Company, while entered into in November, 1900, the license period of eight years and six months which it gave to defendant was not to begin until May, 1902, a period of three years from the date of defendant's contract with plaintiff. The defendant contends that plaintiff's right in the mining property was limited to three years and that he could not legally claim royalty from it for a longer period.

It appears that by the statute aforesaid (section 8766, Revised Statutes 1899) the owners or lessees of mining land, may post rules and regulations for mining the lots platted on said lands with the time during which the right to mine shall continue, and that any one desiring to mine, must sign the register, kept for that purpose, and thereby has the privilege of beginning mining as a licensee for the time, and under the restrictions and conditions of the rules. It is further provided by section 8767, that if such owner or lessee shall fail to comply with section 8766, and shall, notwithstanding such failure, permit persons to enter and mine their property, the right shall continue for a period of three years; and so we decided in Robinson v. Mining Co., 55 Mo. App. 662. The Center Valley Company under which plaintiff registered, in posting its rules omitted to name therein a time for the continuance of the miner's right to operate, as required by the statute.

So the reason for defendant's contention that plaintiff's right was limited to three years is that, the rules thus posted omitted to fix a period for the miner

to continue operating after registering, and that, therefore, under the terms of section 8767 the period of plaintiff's license was three years.

On the foregoing facts we are of the opinion that the judgment in the court below was for the wrong party. It is manifest that, since the rules of the Center Valley Company did not name a period of time that licensees were to occupy or operate the mines, the statute aforesaid fixed it at three years. Robinson v. Mining Co., supra. Three years was the full period of plaintiff's right in the mines and was necessarily the full period of his right to demand royalty of a person who had become the licensee of the rightful owner. It is true that in the contract whereby plaintiff sold to defendant (or, to Reber, which is the same thing) it is stipulated that defendant shall pay to plaintiff the royalty agreed upon, so long as he and his successors should operate the mine. But that, of course, meant so long as they should operate the mine in, or under, the right of the plaintiff. Is it to be supposed that plaintiff and his heirs could claim royalty forever, if defendant and its successors should continue to operate the property? Plaintiff suggests that defendant or its successors could terminate the matter by ceasing to operate. But suppose they did not wish to cease, what would become of the right of the American company which has purchased the property? Purchased it, too, in view of the fact that the incumbrance upon it was a license of only three years' duration. It is true that in this case the Center Valley Company's lease was only for a period of ten years. Yet, we think our suggestions are *apropos* for the rules applicable would apply to any period.

The judgment should have been for defendant and it is accordingly reversed. All concur.