HARRIS K. DALE, Respondent, v. BENJAMIN F. PARKER et al., Appellants.

Springfield Court of Appeals, April 4, 1910.

1. APPELLATE PRACTICE: Motion for a New Trial: Specification of Errors in Admitting or Rejecting Evidence.   In his motion for a new trial appellant, among other assignments of errors, alleged that the court erred in admitting incompetent, irrelevant and immaterial testimony, and in excluding competent, relevant and material testimony.   *Held*, that these assignments were so indefinite and general that they wholly failed to comply with the statute (Revised Statutes 1899, sec. 640), and were not sufficient to preserve matters of exception.

2. UNLAWFUL DETAINER: Landlord and Tenant: Denying Landlord's Title.   It is the rule in this State that while a tenant will not be permitted to deny that his landlord had title at the commencement of the term, he may show that the landlord's interest has terminated.

3. ———: ———: Uncertain Tenancy: Right of Tenant to Growing Crop.   The tenant for life has a right to the emblements, because of the uncertain nature of his estate and lest he be deterred from a proper cultivation of the lands and the rule is, that if the term is so uncertain that the tenant cannot tell when he sows his crop that his tenancy will continue until he shall have harvested it, he will be entitled to the crop as emblements.

4. ———: ———: Tenancy for Life: Right to Growing Crop Does Not Extend Term.   The fact that a tenant has a growing crop upon lands at the time of the death of the party for whose life the tenant held the lands under a lease did not extend the term of the indefinite lease, and was no defense in an action for unlawful detainer, but the growing crop was an emblement which the tenant had the right to go upon the premises and harvest.

5. **CONTRACTS: Real Estate: Conveyances: Fee Simple Title to Vest in the Future.** By a contract between the mother, who was the owner of the land, and her son, it was provided that the son was to pay his mother fifty dollars per year during her life, pay all the taxes on the property in question and also pay certain other heirs a specified sum. The son was to have immediate possession and, on the death of the mother, he was to have the fee simple title to the land. *Held*, that the contract was enforcible and that, on the death of his mother, under the terms of the contract the son had become the owner of the property in fee simple.

Appeal from Greene Circuit Court.—*Hon. George Pep-perdine*, Special Judge.

Affirmed.

*Delaney & Delaney* and *A. S. Cowden* for appellants.

(1) The contract, while testamentary in character, is lacking in all the essential forms of a will and is not effective as a testamentary disposition. Miller v. Holt, 68 Mo. 584; Murphy v. Gabbert, 166 Mo. 696; Chew v. Keller, 171 Mo. 222; Dozier v. Toalson, 180 Mo. 552; Hershey v. Clark, 35 Ark. 17; Wilenou v. Handlon, 69 N. E. (Ill.) 892; Culey v. Upham, 94 N. W. (Mich.) 405; Aldridge v. Aldridge, 202 Mo. 565. (2) The tenant does not forfeit his right by mistakenly but honestly, or even by unlawfully invoking or asserting an additional claim to the land or to the possession thereof. 1 Wash. Real. Prop. (4 Ed.), 134; Whitmarsh v. Cutting, 10 John 360; Chesley v. Welch, 37 Mo. 160; Taylor's Landlord and Tenant (7 Ed.), sec. 538.

*J. T. White* and *W. D. Hubbard* for respondent.

(1) The defendants could not resist the plaintiff's action for possession on the ground that crops were growing and unharvested on the premises at the time the suit was instituted. The right to emblements is always recognized in favor of a tenant at will or for

life or for an uncertain duration. The defendants must surrender possession, but have the right to ingress and egress for the purpose of removing the crops. 8 A. and E. Ency. of Law, 318; 2 Taylor Landlord and Tenant (9 Ed.), 534-538; Towney v. Bowers, 81 Mo. 498; Daniels v. Brown, 69 Am. Dec. 508; Miller v. Wohlford, 21 N. E. 894; Speers v. Flack, 34 Mo. 101. (2) A tenant is estopped to deny his landlord's title when sued for possession on the termination of his lease. 2 Taylor Landlord and Tenant (9 Ed.), secs. 629, 705-707; Lass v. Eisleben, 50 Mo. 122; Holmes v. Stewart, 26 Mo. 529; Shepard v. Martin, 31 Mo. 492; Walker v. Harper, 33 Mo. 592; Higgins v. Turner, 61 Mo. 249. (3) An agreement upon a valuable consideration to give another a part or all of his property at the promisor's death will be specifically enforced in equity, if the consideration is duly rendered by the promisee. McKinnon v. McKinnon, 56 Fed. 409; Wright v. Tinsley, 30 Mo. 389; Sutton v. Hayden, 62 Mo. 101; Gupton v. Gupton, 47 Mo. 47; Hiatt v. Williams, 72 Mo. 214; Sharkey v. McDermott, 91 Mo. 647; West v. Bundy, 78 Mo. 407; Teats v. Flanders, 118 Mo. 669; Norwack v. Berger, 133 Mo. 24; Kinney v. Murray, 170 Mo. 674; Caviness v. Ruskton, 51 Am. St. Rep. 759.

GRAY, J.—This action was begun before a justice of the peace in Campbell township, Greene county, under the unlawful detainer act, for the possession of certain real estate situated in said county. It was afterwards removed to the Greene County Circuit Court by the defendants, on a writ of certiorari. On November 23, 1906, the cause was tried before Honorable George Pepperdine, Special Judge, sitting as a jury, resulting in a judgment in favor of the plaintiff for the possession of the property, together with damages in the sum of $86.32, and ten dollars monthly rents, and profits, the same being double the amount of damages and rents, as provided by the unlawful detainer act. The defend-

ants appealed the cause to the St. Louis Court of Appeals, and the cause was docketed in that court for trial at its October term, 1907, but was transferred to this court.

Appellants, Benjamin F. Parker and Emma A. Parker, are husband and wife, and the respondent, Harris K. Dale and the appellant, Emma K. Parker, are brother and sister, and the children of one Catherine B. Dale. The respondent claims title to the property through a contract made with Catherine B. Dale. On the 7th day of January, 1896, he made, executed and delivered to the appellants a lease upon the real estate, reserving a rental of fifty dollars a year, payable on the 20th day of October of each year, and terminating upon the death of said Catherine B. Dale. Catherine B. Dale died on the 4th day of March, 1906. On the 20th day of March, 1906, the respondent gave notice to the appellants in writing that he demanded the immediate possession of the premises. The appellants refused to surrender possession, and the suit was commenced.

At the time the suit was commenced, there was a growing crop of wheat on part of the land, which would mature the following June. When the case was in the circuit court, the defendants filed a motion to have it dismissed, but the bill of exceptions does not show what disposition was made of this motion, and in the motion for a new trial, the appellants made no complaint of the court's action on the same and therefore it is not before us for consideration.

The complaint filed before the justice of the peace is in the usual form and properly states the cause of action. The plaintiff offered in evidence his lease and proved the death of Catherine B. Dale; the fact that the defendants were in possession; the demand on them to deliver possession; their refusal so to do, and the value of the use of the property, and rested. The appellants then proceeded to offer evidence in their behalf.

The motion for new trial assigns the following as errors: First, the petition does not state facts sufficient to constitute a cause of action. Second, the court erred in admitting incompetent, irrelevant and immaterial testimony. Third, the court erred in excluding competent, relevant and material testimony. Fourth, the verdict is against the law and the evidence. Fifth, the verdict is without evidence to support it.

Section 640 Revised Statutes 1899 reads: "All motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion."

In State v. Norman and David, 159 Mo. 531, 60 S. W. 1036, the motion for new trial assigned the following: That the court erred in admitting incompetent and immaterial evidence on the part of the State, and in excluding competent and material evidence offered by the defendant. The court said that these assignments were of such a general character that it was unable to determine without more specific reference what evidence was meant, and would not undertake to do so.

It will be noticed appellants' motion for new trial does not even state in whose behalf the error in admitting or rejecting testimony was committed, but simply states that the court erred in admitting and excluding evidence, but whether the competent evidence that was excluded was offered by the appellants, or the respondent, we are not informed.

The trial court has the right to have the motion for new trial specify the alleged errors complained of, so that it may have an opportunity to correct its own mistakes without putting the parties to the expense and delay of an appeal to the appellate court. The motion for new trial in this case is so indefinite that it wholly fails to comply with the statute, and is not sufficient to preserve matters of exception, and we would be justified in holding that nothing but the record proper is before

us for consideration, but we have, however, read the evidence and considered the points pressed by appellants for reversal.

The title of the plaintiff to the property grows out of a written contract executed by him and his mother on the 7th day of January, 1896. In that contract, the mother, who was the owner of the property, specified that, whereas, the plaintiff had rendered her material help and financial assistance in the past, and in consideration of such assistance and her love and affection for him, and the payments, stipulations and conditions to be paid, kept and performed by him or his heirs in case of his death, the plaintiff should become possessed in fee simple of the lands in controversy.

By the terms of the contract, the plaintiff was to pay to his mother fifty dollars per annum during her natural life; pay all taxes on the property, and in addition thereto, pay the sum of three hundred dollars to certain other heirs named in the contract, the plaintiff to have immediate possession of the land, and in case of his death, his heirs to hold and occupy and use the same. The contract also contained a special clause interpreting its meaning, by which it was provided that on account of the considerations mentioned in the contract, the plaintiff, at the death of his mother, was to have the fee simple title to the land. The contract further contained provisions that if he failed to make payments, then the said Catherine B. Dale had the right to enter and take possession. This contract was signed and acknowledged before a notary public, and recorded in the office of the recorder of deeds of Greene county.

We gather that after the death of Catherine B. Dale, the plaintiff commenced suit in the circuit court of Greene county against the heirs, alleging performance of the contract, and asking for a judgment adjudging him to be the owner of the premises.

143 App—32

In the trial of the unlawful detainer suit in the circuit court, the defendants offered in evidence the petition in that suit containing a copy of the contract entered into between the plaintiff and his mother. This petition, on an objection of the plaintiff, the court excluded.

It was sought by defendants in offering this petition, to defeat the title of the plaintiff. The plaintiff complains that the tenant cannot dispute his landlord's title, and for that reason, the paper was properly excluded. The defendants admitted that the contract was sufficient to vest in the plaintiff the right to possession of the property during the life of his mother, but they claim his title terminated at his mother's death. It is the rule in this State, that while a tenant will not be permitted to deny that his landlord had title at the commencement of the term, he may show that the landlord's interest has terminated. [Robinson v. Troup Mining Co., 55 Mo. App. 662.]

We are unable to discover anything in the contract which limits its duration to the lifetime of plaintiff's mother. It is a contract in writing, based upon a valuable consideration, executed in all the formality of a deed, as required by section 4596, Revised Statutes 1899, and by its terms the plaintiff was given immediate possession of the property, and by making certain payments, was to become its owner. We have been unable to find any authorities holding such a contract not enforcible, but on the contrary, they have been universally recognized as valid. [Sutton v. Hayden, 62 Mo. 101.]

If the contract had been admitted in evidence, it would not have shown that plaintiff's title to the premises had terminated. The fact that at the time of the death of Mrs. Dale, a growing crop was upon the premises, did not extend the term of defendants' lease. The growing crop was an emblement which the defendants

had a right to go upon the premises and harvest. [Town v. Bowers, 81 Mo. 498.]

The right to the emblements belongs to the tenant for life, because of the uncertain nature of his estate, and lest he should be deterred from a proper cultivation of the lands. And the rule is, that if the term is so uncertain that the tenant cannot tell when he sows his crop that his tenancy will continue until he shall have harvested it, he will be entitled to the crop as emblements. [Taylor on Landlord and Tenants, vol. 2, section 534; Bradley v. Bailey, 1 L. R. A. 427.]

The plaintiff being the owner of the property, and the defendants his tenants, they were guilty of unlawful detainer in holding the premises after the termination of their term, and their right to the growing crop on part of the premises, did not justify them in withholding possession of the lands from plaintiff. The judgment of the trial court is for the right party and will be affirmed. All concur.