## JENNIE WOLVEN, Respondent, v. SPRINGFIELD TRACTION COMPANY, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. STREET RAILWAYS: Injury to Passengers: Pleading: General Negligence: Instructions. Plaintiff, while riding in the front or motor car, was thrown from her seat and injured. The motor car had been pulled off the track by the "trailer" or rear car and struck against a tower near the track. The "trailer" had been off the track for some distance before it pulled off the motor car. The petition alleged "that by reason of the carelessness and negligence of defendant, its agents and employees, the said train of cars left the track and collided with the tower." *Held*, that the petition stated a cause of action and that the general allegations of negligence were sufficient to raise the issue of the negligence of defendant's servants in operating the train after they knew, or might have known, that the "trailer" was off the track. Instructions under the allegations and evidence reviewed.

2. ———: ———: Res Ipsa Loquitur: Instructions. Where it is shown that plaintiff was injured while a passenger on defendant's street car, while it was in the exclusive control of defendant's servants, the presumption of negligence arises and the doctrine of *res ipsa loquitur* is applicable. The burden is then on the defendant to rebut the presumption of negligence in showing that it was not guilty, and the question becomes one for the jury under the evidence. An instruction declaring this presumption approved.

3. PLEADING: Evidence: Allegations of General Negligence: Proof of Specific Acts of Negligence. Where the petition alleges general negligence, specific acts of negligence may be shown.

4. APPELLATE PRACTICE: Motion for New Trial: Specification of Errors in Admitting or Rejecting Evidence. The original opinion in this case held that a motion for a new trial was insufficient to bring before the appellate court for review the action of the court in admitting or rejecting testimony where it states generally that: "The court erred in admitting incompetent,

irrelevant and immaterial testimony offered by plaintiff, and in excluding competent, relevant and material testimony offered by defendant." But, after handing down this opinion, the court's attention was called to the decisions of the Supreme Court in the cases of Collier v. Lead Co., 208 Mo. 246; and State v. Wilson, 122 S. W. 675; and in the supplemental opinion *per curiam* the holding in the original opinion on this point was overruled, and the rule of the Supreme Court in the above cases that it is sufficient to assign generally the error in the admission or exclusion of evidence is followed.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellants.

(1)   While it is sufficient to charge negligence in general terms, if plaintiff attempts to particularize and make specific allegations of negligence, the special facts pleaded must be so pleaded as to constitute a cause of action. Feary v. Railroad, 162 Mo. 75; Fuch v. City, 167 Mo. 620; Conrad Gro. Co. v. Railroad, 89 Mo. App. 534; Spiro v. Transit Co., 102 Mo. App. 250; Aston v. Transit Co., 105 Mo. App. 226; Garven v. Railroad, 100 Mo. App. 617. (2)   A derailment might happen, even if the company had used the highest degree of care in the management of its car and in maintenance and inspection of its tracks; hence *res ipsa loquitur* does not apply. Redmon v. Railroad, 185 Mo. 1; Erwin v. Railroad, 94 Mo. App. 289; Cothron v. Packing Co., 98 Mo. App. 343. (3)   At the best view for plaintiff, and the only theory upon which any negligence can be claimed, under the evidence, the car became derailed by inevitable accident and that after such derailment the defendant negligently failed to prevent collision with the tower. This is not covered by the instructions given. Holden v. Railroad, 177 Mo. 456; Koling v. Railroad, 173 Mo. 698; Hamilton v. Crowe, 175 Mo. 634; Stephen v. Metzgar, 95 Mo. App. 609; Allen v. Transit Co., 183 Mo. 411.

*Patterson & Patterson* for respondent.

The rule of *res ipsa loquitur* was properly applied in this case. 21 Am. and Eng. Ency. of Law, 513; Shuler v. Railway, 87 Mo. App. 623; Johnson v. Railway, 104 Mo. App. 592; Benedict v. Potts, 88 Md. 52; McGrath v. Transit Co., 197 Mo. 104; Orcutt v. Century Bldg. Co., 214 Mo. 35; Kirkpatrick v. Railway, 211 Mo. 84; Roscoe v. Railroad, 202 Mo. 587; Price v. Railway, 220 Mo. 437; Erwin v. Railroad, 90 Mo. App. 289; Cothron v. Packing Co., 98 Mo. App. 348; Logan v. Railroad, 183 Mo. 606.

GRAY, J.—The plaintiff was a passenger on one of the defendant's street cars in the city of Springfield, and sues for damages in the sum of $15,000 for injuries alleged to have been received by reason of the car upon which she was riding, colliding with a metal tower erected on the public square in said city, and about two feet from the track of the defendant. The defendant, at the time complained of, was operating a street railroad in the city. There is a street in the city of Springfield called South street, running south from the center of the public square on the south side, and a street running north from the center of the north side of the square, called Boonville. One of the tracks of the defendant passes from South street in a circle to the west near the tower in the center of the public square, and then to the north side of the public square and out on Boonville street. On the 8th day of August, 1908, the plaintiff, in company with her son, aged four, and her sister, boarded a train of the defendant at the intersection of South street and the public square, intending to go across the square and north on Boonville street. The plaintiff boarded the front or motor car, and to it was attached another car called the "trailer." The train started on its journey across the square, and according to plaintiff's testimony, it had proceeded but a

very few feet when it was known that the trailer car was off the track and running on the ground; that from the place where it left the track to the tower, was about seventy feet, and the train was running from four to six miles an hour, and could have been stopped by the exercise of proper care before it reached the tower, but no effort was made to stop the train, and that as the motor car reached the tower, it was pulled or thrown off the track by the trailer and against the tower with such force and violence that the plaintiff was thrown from her seat and received serious and permanent injuries.

The testimony on behalf of defendant, was to the effect that the track was in first-class condition; that the cars were well·kept; that the conductor and motorman were both on the motor car as it left South street, and when they started the trailer car was on the track; that they did not discover that the trailer was off the track until just as they were passing the tower, when the conductor discovered it and immediately gave the alarm, and the motorman attempted to stop his car, but could not do so in time to prevent the motor car colliding with the tower.

The case was tried to a jury, resulting in a judgment in favor of the plaintiff for fifteen hundred dollars. The defendant was unsuccessful in its efforts to obtain a new trial or to have the judgment set aside, and the cause is now in this court on its appeal.

The defendant challenges the sufficiency of the plaintiff's petition, which, after setting forth all formal parts, alleges:

"Plaintiff states that on the 8th day of August, 1908, she became a passenger for hire at South street and the said public square on a train of the above description; that defendant's agents and employees operated the said train of cars over said line of railway across said square; that by reason of the carelessness and negligence of the defendant, its agents and employees, the said train of cars left the track and col-

lided with the tower; that the impact of said collision was so forceful and violent that plaintiff was seriously injured; that her back and spine were wrenched and sprained at or about the seventh and eighth dorsal vertebrae; that by reason thereof she was and is partially paralyzed and that she was otherwise injured internally; that her said injuries are grave and permanent, and by reason thereof she has suffered and still suffers great pain and mental anguish, and her usual good health is seriously and permanently impaired, and prays judgment in the sum of fifteen thousand dollars."

The objection to the petition was made after the jury had been selected and plaintiff was offered as a witness, and was in the following form: "Because the petition fails to state facts sufficient to constitute a cause of action either under the statutory law or under the common law of negligence; secondly, because it is attempted to set out specific grounds of neglect or acts of negligence and fails to state them sufficiently to constitute any cause of action; and because the petition is too general and vague and everything is left to inference and no positive specific averment appears."

In our opinion, the petition does not attempt to set out specific acts of negligence, but alleges general negligence, and is in all respects sufficient. [Price v. Metropolitan St. Ry. Co., 220 Mo. 435, 119 S. W. 932; Loftus v. The Street Ry. Co., 220 Mo. 470, 119 S. W. 942.]

*The motion for new trial filed, is insufficient to bring before us for review the action of the court in admitting and rejecting testimony, as it simply states that the court erred in admitting incompetent, irrelevant and immaterial testimony offered by plaintiff, and the court erred in excluding competent, relevant and material testimony offered by defendant. [State v. Norman and David, 159 Mo. 531, 60 S. W. 1036; State v. Scott, 214 Mo. 257, 113 S. W. 1069; State v. Brown, 168 Mo. 1. c. 474, 68 S. W. 568.]

*See supplemental opinion.

The appellant tried the case on the theory that plaintiff's position was inconsistent; that is, if the petition alleged general negligence, then evidence of special acts of negligence was not admissible; but if the petition alleged specific acts of negligence, then the instruction submitting general negligence was bad. We have held that the petition alleged general negligence. This being true, it was proper for the plaintiff to offer evidence tending to show specific acts of negligence that caused the collision. [Price v. The Street Ry. Co., supra.]

The plaintiff introduced evidence which disclosed an unusual occcurrence in the operation of the street cars of the defendant. It is admitted the cars were in the exclusive control of the defendant, and that plaintiff was injured without her fault. It also stands admitted that the relation of carrier and passenger existed. Therefore, presumptive negligence arises, and the doctrine of *res ipsa loquitur* is applicable. [Price v. The Street Ry. Co., supra.] And the burden was on the defendant to rebut the presumption of negligence in showing that it was not guilty.

These things being true, the question was one for the jury under the evidence in this case. The defendant took the position in the trial court, and does here, that unless the servants of the defendant were guilty of negligence at the time the trailer left the track, that plaintiff could not recover, even though the servants were guilty of negligence in not stopping the car after the trailer had so left the track.

The correctness of this position depends upon the interpretation of the petition. If there had not been a train of cars but simply one car, there would be more force in defendant's position. The petition does not allege that the trailer left the track on account of the negligence and carelessness of the defendants, but that on account of such carelessness and negligence, the train of cars left the track, collided with the tower, and by

reason thereof, plaintiff was injured. The very negligence in permitting the collision of the motor car with the tower might have been caused by the negligence and carelessness of the servants in operating the train after they knew, or might have known, that the trailer was off the track. It cannot be said, under the evidence, that the carelessness and negligence of the servants after the trailer left the track, was not the cause of the train leaving the track and the motor car colliding with the tower. The point is ruled against the appellant.

The action of the court in giving and refusing instructions is the only other point before us. The instruction given in behalf of the plaintiff, told the jury that "if said cars left the track and collided with an iron tower with such force and violence as to injure plaintiff, then the law presumes that such collision was caused by the negligence and carelessness of the defendant." This instruction is in harmony with the law as declared in the Price case.

In behalf of the defendant, the court told the jury that the defendant is not an insurer of the safety of its passengers, and all the law requires is the highest degree of care in operating its cars and keeping them and its tracks in a reasonably safe condition.

Instructions A and B asked by the defendant, were properly refused, because they put the burden of proof upon the plaintiff. Instruction C and D were confusing and misleading. The evidence shows two cars in the train; one left the track near the public square and the other at the tower, and instruction C limited the inquiry to the derailment of the car, but did not say which car, and under the evidence, the trailer car might have left the track without any defect in the track or fault on the part of the defendants, and yet the subsequent conduct in not stopping the car before it reached the tower, might make the defendant liable. The same objection is properly leveled against instructions D and E. Instructions F and L told the jury that the ques-

tions as to whether the defendant's servants were negligent in not discovering the derailment in time to have prevented the collision, or that their negligence after discovering the derailment, were not before them for consideration. These instructions were bad and properly refused. Instructions G and H were properly refused, as they were like instructions A and B, in this: They put the burden upon the plaintiff. Instruction I told the jury that there was no evidence to show permanent injury, but there was abundant evidence upon which to base a verdict for such injuries, and the instruction was properly refused. Instruction J was a demurrer to the evidence, and properly refused. Instruction K was covered by instruction given in behalf of the defendant. Instructions M and N are substantially covered by instruction N, as given and modified by the court and the other instructions given in behalf of the defendant.

Entertaining the views to which we have herein given expression, it is ordered that the judgment of the trial court be, and the same is hereby affirmed. All concur.

## SUPPLEMENTAL OPINION.

PER CURIAM:—At the time the opinion in this case was first prepared and delivered, it contained a paragraph declaring that a motion for new trial, which simply states: "The court erred in admitting incompetent, irrelevant and immaterial testimony offered by the plaintiff, and excluding competent, relevant and material testimony offered by the defendant," is insufficient to preserve for the appellate court the question of admitting and rejecting testimony at the trial.

In preparing the opinion, however, we did review all the testimony and the action of the court relating to the admission thereof.

Our attention has now been called to two decisions of the Supreme Court in which it held that it is sufficient, in a motion for new trial, to assign generally as error: "The court excluded from the jury proper, competent and relevant testimony." [Collier v. The Lead Co., 208 Mo. 246, 106 S. W. 971; State v. Wilson, 122 S. W. l. c. 675.]

At the time our opinion was delivered, the last Digest of the Missouri Reports only included the 200 Mo. In State v. David, 159 Mo. 531, 60 S. W. 1036, and in State v. Brown, 168 Mo. 449, 68 S. W. 568, the Supreme Court had plainly held that an assignment in the above form is insufficient to present the question in the appellate court for review.

These two cases have never been expressly overruled by the Supreme Court, and the "Citators" to the Missouri decisions do not show any cases overruling them.

Our attention was called by counsel to the cases of State v. David, and State v. Brown, and we examined the "Citator" for some later decision of the Supreme Court overruling these cases, at it appeared to us that they were in conflict with the earlier decisions of the courts of this State upon the question, but neither in Digest or "Citator" were we able to find anything to the contrary. The Supreme Court in State v. Wilson or Collier v. Coal Co., do not refer to State v. Brown or State v. David which the Collier case necessarily overrules, and for this reason, the "Citators" do not have the later cases.

In as late as State v. Scott, 214 Mo. l. c. 261, 113 S. W. 1069, the Supreme Court said: "It is well settled that a motion for new trial must so definitely set out the reasons therefor, as to direct the attention of the trial court to the precise error of which complaint is made."

In Collier v. Lead Co. Judge GRAVES said: "The motion for new trial does not specify the exclusion of this particular evidence, but assigns generally, 'the court excluded from the jury proper, competent and relevant testimony. offered by the defendant.' This was sufficient. It has been the practice of this court from its organization. Nothing more definite has ever been required."

In State v. David, 159 Mo. 1. c. 534, the court said: "In the motion for new trial, it was asserted that the court erred in admitting incompetent and immaterial evidence on the part of the State, and in excluding competent and material evidence offered by defendant. But these assignments are of such general character that we are unable to determine, without more specific reference, what evidence was meant, and will not undertake to do so." This was a criminal case, and the court did not consider the case on its merits because it was held the assignment of error was insufficient.

In State v. Brown, SHERWOOD, Judge, delivered the opinion and he had been on the bench many years. He declared: "Two other grounds for new trial are these: Because the court erred in admitting irrelevant and incompetent testimony on the part of the State over the objections of the defendant. Because the court erred in rejecting legal, competent and relevant testimony offered by the defendant. These grounds are too general." And the court refused to examine into the testimony because it was held the motion was not sufficient to present the question.

Judge GRAVES must have overlooked these cases when he prepared the opinion in the Collier case, or he would not have stated that it had been the practice of the court from its organization to state generally that the court erred in admitting irrelevant, incompetent and immaterial testimony against the appellant.

After examining all the cases, we are of the opinion that under the last decisions of our Supreme Court, it

is sufficient to assign the matter, generally, and that practice will govern cases in this court so long as the Supreme Court adheres to its latest ruling.

What we have said herein should not be construed to overrule our opinion in Dale v. Parker, decided at this term of court. In that case the motion for new trial read: "The court erred in admitting incompetent, irrelevant and immaterial testimony, and in excluding competent, relevant and material testimony." It was not stated in the motion whether the error of the court was in favor of or against the appellant. In other words, it was not assigned that the error of the court was committed against the appellant.