H. J. TRAVERS, Respondent, *vs.* KANSAS PACIFIC RAILWAY, Appellant.

1. *Damages—Railroads—Ejection of passenger—Conductor, duties of—Proof as to.*—In suit for damages against a railroad company, caused by the action of its conductor in ejecting plaintiff from its cars, he need not allege nor prove that specific authority was conferred on the conductor by the company to perform such acts, where it appeared that to him was intrusted all authority which concerned the reception or rejection of passengers, and that he was acting in the scope—even though in abuse—of the general authority devolved on him by his position, courts will, without testimony, take cognizance of the duties of conductors as pointed out by the statute. (Wagn. Stat. 307, § 28.) Nor in such case is the jury confined in its assessment of damages to the actual loss sustained by plaintiff.

*Appeal from Jackson Circuit Court.*

*Pratt, Brumback & Ferrey,* for Appellant, cited: Snyder vs. Han. & St. Jo. R. R. Co., 60 Mo. 414; Wells vs. Winston, 35 Mo. 164; McGowan vs. St. L., K. C. &. N. R. R. Co., 61 Mo. 532.

*Tichenor & Warner,* for Respondent, cited: Perkins vs. M., K. & T. R. R., 55 Mo. 204; Garretson vs. Duenckel, 50 Mo. 104; Minter vs. Pacific R. R., 41 Mo. 503.

NAPTON, Judge, delivered the opinion of the court.

This action was for damages which the plaintiff claimed to have sustained by reason of being ejected from the defendant's passenger car.

The petition alleged that, about the 14th of October, 1871, the defendant, upon receiving from the plaintiff the fare charged for conveying passengers from Ellsworth to Kansas City, undertook to convey plaintiff to said Kansas City, as a passenger on its car, and that after he had traveled on said cars about one hundred and ninety miles, "said defendant, by its agent and servant, with great force and violence, cruelty and insulting and abusive language, ejected and turned plaintiff out of and from its said car, while said car was in motion, and before the same had got within thirty miles of Kansas City, and then and there declined and refused to carry or further transport him on its said road, by

means of which plaintiff was greatly injured in his person, his feelings outraged, his health endangered and journey delayed, to his damage ten thousand dollars, etc."

The answer denied these allegations. On the trial the defendant objected to any testimony, because the petition did not state a cause of action.

The proof was, that plaintiff bought, at the ticket office in Ellsworth, a ticket from Ellsworth to Kansas City; that this ticket was punched by the conductor at Ellsworth; that when the train reached Brookville, the conductor who then took charge of the train took up the ticket and gave plaintiff a check to Kansas City; that during the night the conductor twice called on the plaintiff, who was in the sleeping car, for his ticket, examined the check and made no objection, but on the next morning, after passing Lawrence, this conductor demanded from the plaintiff his fare from Abilene to Kansas City, snatched the check from plaintiff's hat, charged him with having stolen it from some one in another car, and then put him off the train, while it was in motion.

Upon the close of this proof by plaintiff, defendant, who offered no evidence, asked the court to instruct the jury to find for defendant. This instruction was refused, and the court instructed the jury as follows:

"If you believe from all the evidence in the case that the plaintiff, on or about the 14th day of October, 1871, was received as a passenger upon the car or cars of the defendant at Ellsworth, on the line of the defendant's road; that plaintiff had purchased a ticket from the ticket agent of the defendant at Ellsworth, for the City of Kansas; that plaintiff, after getting upon the cars of defendant, surrendered his ticket to the conductor in charge of such cars of the defendant, and receiving from such conductor in exchange for such ticket a check in lieu of such ticket, and that thereafter said conductor, in charge of such cars of defendant, ejected the plaintiff from the car or cars of defendant, before the plaintiff had reached the City of Kansas, then your verdict must be for plaintiff."

The defendant asked the following instructions, all of which were refused.

1. "The jury are instructed, at the request of the defendant, that the plaintiff, in order to recover in this action, must prove that Conductor Shingle was acting within the scope of his authority from the defendant when he ordered the plaintiff from the train. The fact that he then was or had been, or continued to act as conductor of the defendant's train, does not prove that the defendant had given him any authority to put a passenger off the train for non-payment of fare, or when a misunderstanding arose as to whether fare had been paid. There is no proof as to the question of what authority had been given Conductor Shingle by the defendant, and the plaintiff can recover only such damages as he may have sustained in consequence of the breach of contract or duty on the part of the defendant to carry him from Ellsworth to Kansas City."

2. "The defendant in this action is only liable for the negligence, incapacity or unskillfulness of its agent in the performance of the duties assigned to him, and not for his acts of wilful and malicious trespass."

3. "If the jury find for the plaintiff they can only give him such sum as would compensate him for his actual loss by being put off the cars, and he is not entitled to vindictive or punitive damages, commonly called smart money."

4. "If the jury find for the plaintiff, they cannot give him damages for the injury sustained to his person."

5. "If the jury find for the plaintiff, they can only give him nominal damages."

The jury rendered a verdict for plaintiff for $1,500, on which judgment was entered. To reverse this judgment it is insisted, that the petition is defective and insufficient in not specifying that the agent at the time of the injury was acting in the scope of his employment, and that the evidence failing to show what specific duties were intrusted to a conductor, the court should have sustained the demurrer to the evidence.

This case is in all material respects so completely identical with the case of Perkins vs. M., K. & T. R. R., (55 Mo. 204) that we may be excused from re-examining the question there discussed and decided. The remarks of the judge who delivered the opin-

ion of this court in McGowan vs. St. Louis and I. M. R. R. Co., (61 Mo. 532) that this court cannot take judicial notice of the duties required of servants of a railroad company, nor of the degrees of supremacy or subordination existing among them, were applicable to the facts of that case, which were totally unlike the present. Aside from the fact that our statutes distinctly recognize what the duties of a conductor are in regard to passengers, (1 Wagn. Stat., 307, § 28) there is sufficient testimony in this case to show that to the conductor on this road was entrusted all authority which concerned the reception or rejection of passengers, and that it was in the scope of this authority, though an abuse of it, that the ejection of the plaintiff from the cars occurred. Corporations can only act by agents, and they are responsible for acts of their agents, when done in the exercise of their agency.

The other questions raised by the instructions refused were all examined and decided in the case referred to, and the authorities cited in support of the decision.

Judgment affirmed ; the other judges concur.