WINNIE BOUILLON, Respondent, v. LACLEDE GAS LIGHT COMPANY, Appellant.

St. Louis Court of Appeals, May 7, 1912.

1. **APPELLATE PRACTICE: Motion for New Trial: Necessity of Specifying Errors.** The motion for a new trial must direct the attention of the trial court to the precise error of which complaint is made, in order to preserve it for review by the appellate court.

2. ———: ———: ———. A ground of a motion for a new trial, that the "court erred in admitting improper and incompetent testimony offered on behalf of plaintiff" did not direct the trial court's attention to evidence elicited by the court, and hence was not sufficient to preserve the admissibility of such evidence for review by the appellate court.

3. **MASTER AND SERVANT: Wrongful Act of Servant: Liability of Master.** A master is not liable for his servant's wrongful acts, unless the servant was acting for the master, within the scope of his employment.

4. **INSTRUCTIONS: Omitting Conceded Facts.** It is not error to omit from an instruction which submits the question of defendant's liability a requirement that the jury find a certain fact necessary for plaintiff to establish, where the existence of such fact is admitted in the answer, or where its existence is conceded at the trial.

5. **MASTER AND SERVANT: Action for Tort of Servant: Instructions.** In an action to charge a gas company with the tort of its agent while attempting to inspect a gas meter, an instruction that if the jury found that the agent rapped on plaintiff's front door in a loud and boisterous way and uncalled-for manner, and that thereupon plaintiff's nurse opened the door and informed the agent of plaintiff's sickness, and that no noise must be made, etc., was properly given, where the nurse testified, in substance, to the matters as stated and plaintiff's theory was that the original boisterous act mentioned gave rise to the conversation which resulted in profane and unseemly conduct on the part of the agent, charged as producing the injury complained of.

6. **TRIAL PRACTICE: Rejecting Cumulative Evidence.** It is not error to sustain an objection to a question calling for testimony that has already been given by the witness.

7. INSTRUCTIONS: Refusal: Submitting Theory not Supported by Evidence. An instruction which submits a theory not warranted by the evidence is properly refused.

8. MASTER AND SERVANT: Wrongful Act of Servant: Liability of Master. A master is liable for the wrongful conduct of his agent, when such agent is acting within the scope of his authority and about the master's business, even though the mode employed was wrongful and in direct disobedience to the master's instructions.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale*, Judge.

AFFIRMED.

*Percy Werner* for appellant.

(1) The court erred in asking Dr. Corley, the physician who attended the plaintiff, "what was the cause of the actual miscarriage that took place on the 17th," and in permitting him to answer the question, notwithstanding defendant's objection. Baehr v. Casualty Co., 133 Mo. App. 541; Glasgow v. Railroad, 191 Mo. 347; Taylor v. Railroad, 185 Mo. 239; Smart v. Kansas City, 208 Mo. 162; Smith v. Kansas City, 125 Mo. App. 150; Sutter v. Kansas City, 138 Mo. App. 105; Roscoe v. Railroad, 202 Mo. 576; Holtzer v. Railroad, 140 S. W. 767; State v. Hyde, 234 Mo. 200. (2) The court below erred in sustaining the objection to the question asked Kavanaugh by counsel for defendant: "What attempt, if any, did you make to enter that room?" (3) The first instruction given by the court in behalf of the plaintiff was erroneous. (a) In that it fails to require the jury to find that Kavanaugh's acts were in the scope of his employment. Voegeli v. Marble & G. Co., 49 Mo. App. 643; Collette v. Rebori, 107 Mo. App. 711; Garretzen v. Duenckel, 50 Mo. 104; Snyder v. Railroad, 60 Mo. 413; Stringer v. Railroad, 99 Mo. 299; Hardeman v. Williams, 150 Ala. 415; Cos-

165 Mo. App.—21

grove v. Ogden, 49 N. Y. 255; Meehan v. Morewood, 52 Hun, 566. (b) In that it permitted the jury to take, into consideration the rapping on the outside door in an uncalled for manner. (c) In that it recites that the objectionable conduct was after Kavanaugh was requested to pass around to the rear entrance, whereas the evidence shows that he left the front door immediately upon being requested to go to the rear entrance. (4) The court erroneously refused the instructions asked by the defendant, and found on pages 49-51 of the abstract. See cases cited under point 3. Also, McClung v. Dearborne, 134 Pa. 396, 19 Am. St. Rep. 708.

*P. P. Mason* and *A. A. Paxson* for respondent, filed argument.

NORTONI, J.—This is a suit for damages accrued to plaintiff as a result of the wrongful trespass and threatening conduct of defendant's agent while acting within the scope of his authority. Plaintiff recovered and defendant prosecutes the appeal.

Defendant, incorporated, manufactures and sells gas to its patrons in the city of St. Louis, and plaintiff, a married lady, resided at 812 North Jefferson avenue, in the same city, at the time of the trespass complained of. Plaintiff was pregnant with child and confined to her bed, threatened with a miscarriage, when defendant's agent, engaged in inspecting gas meters, came to the door of the flat occupied by her and demanded admission for the purpose of reading the gas meter. Plaintiff was not a consumer of gas, but it seems the family who occupied the apartment above her was and that the meter which the agent sought to read pertained to that household but was installed in the basement beneath the first floor apartment occupied by plaintiff. The bed occupied by plaintiff was in the front room and near the door, and

her nurse answered the call of the agent by opening the door and informing him that they did not use gas. The evidence tends to prove that, upon being so informed, the agent insisted upon passing through plaintiff's apartment, at any rate, and to the basement beneath, but the nurse denied him the privilege and he became angry. It appears that defendant's agent entered into a quarrel with the nurse in plaintiff's presence and used vile and profane language toward her. As a result of this conduct on the part of defendant's agent in her presence, plaintiff became excited, was suddenly seized with a nervous chill, and suffered a miscarriage on the following day, which occasioned the injury for which the suit proceeds.

The case was here on a former appeal, and may be found reported under the title of Bouillon v. Laclede Gas Light Co., 148 Mo. App. 462, 129 S. W. 401, where a more extended statement of the facts appears. At the trial, plaintiff's family physician testified for her as an expert, touching her condition and the probable results which might be entailed upon one in her condition by the violent and threatening conduct detailed with respect to defendant's agent.

There is no complaint here touching any of the questions propounded to this witness by plaintiff's counsel nor as to the answers given by him thereto, but of its own motion the court, over the objection and exception of defendant, asked the witness to state "What was *the cause* of the actual miscarriage that took place?" In answer to this question, the physician stated, that in his opinion, it was due to the shock produced by the various elements combined in the hypothetical question, which it is unnecessary to copy here. It is argued that this question propounded by the court as to "the cause" of the miscarriage and the answer thereto were improper for the reason that it invaded the province of the jury. We find it unnecessary to express an opinion touching this argument

for the reason suggested by counsel for respondent, and that is, that the point was not saved in the motion for a new trial.

The only assignment in the motion for a new trial relating to evidence introduced is the fourth, and that is as follows: "The court erred in admitting improper and incompetent evidence offered on behalf of plaintiff." The word "offered" employed in this assignment should be accorded its usual meaning, which implies an offer on the part of plaintiff, and suggests no thought of a complaint with respect to the action of the court on its own motion. The statute (Sec. 1841, R. S. 1909) prescribes that motions shall be accompanied by a written specification of the reasons upon which they are founded, and provides, too, that no reason not so specified shall be urged in support of such motion. No one can doubt that the office of the motion for a new trial is to direct the trial court's attention to the errors complained of, for the purpose of review. Indeed, the most recent ruling of our Supreme Court, touching this question declares that the motion for a new trial must direct the attention of the trial court to the precise error of which complaint is made. It is said, too, in the same case that no reason not so specified shall be urged in support of the motion. [State v. Scott, 214 Mo. 257, 261, 113 S. W. 1069.] Obviously, the fourth ground of this motion—that is, the "court erred in admitting improper and incompetent testimony offered on behalf of plaintiff"—is insufficient to direct the attention of the trial court to evidence elicited by it and not offered by plaintiff at all. But it is argued such is a technical view, and it may be; however, the statute above referred to and the Supreme Court decision are authority for the proposition so stated and conclude the rule here.

For defendant, it is urged that the case of Collier v. Catherine Lead Co., 208 Mo. 246, 106 S. W. 971, declares a general assignment pertaining to the in-

troduction of evidence is sufficient in the motion for a new trial. [See, also, Wolven v. Springfield Traction Co., 143 Mo. App. 643, 128 S. W. 512.] There can be no doubt that the assignment in the motion for a new trial reviewed in each of those cases was sufficient; for the complaint there related to the admission of improper evidence on the part of one of the parties, and it did not appear to have been elicited by the court. Here, the motion for a new trial assigns as error the action of the court in admitting improper and incompetent testimony *offered* on behalf of plaintiff. When we consider that the office of the motion for a new trial is, as the Supreme Court said in the more recent decision above cited, to direct the trial court's attention to the precise matter complained of, it is obvious that the words contained in this motion contained no suggestion of a complaint concerning the action of the court on its own motion in *eliciting* incompetent evidence from plaintiff's physician. Upon reading this motion, the trial court would discover no word therein suggesting a complaint lodged against it for eliciting testimony from the physician on behalf of plaintiff, but would understand that it related alone to incompetent testimony "offered" on behalf of plaintiff, for such is the language of the motion. Had defendant desired the court to review its action in *eliciting* testimony on its own motion, it should have lodged its complaint in the motion with precision as to the action of the court, and thus called that matter to the mind of the judge.

Plaintiff's first instruction did not require the jury to find that defendant's agent was acting within the scope of his employment at the time of the trespass complained of, and it is argued the judgment should be reversed for this reason. There can be no doubt that the master may not be required to respond for the wrongful conduct of the servant except upon the rule *respondeat superior,* and this requires that

the wrongful acts shall be done by the servant while about the master's business and within the scope of his employment. Generally speaking, the instruction should require the jury to find that the servant was so acting at the time, for unless he was, the tort is that of the servant and not of the master. [See Voegeli v. Pickel Marble, etc. Co., 49 Mo. App. 643.] But, obviously, it is not essential that a matter expressly admitted by the answer should be referred to the jury for a finding thereon, for as to it, no issue appears. Here, the answer admits in plain terms that Kavanaugh, the agent whose conduct is complained of, was defendant's agent, engaged in the business of inspecting and reading meters for it, and that he went to plaintiff's premises for the purpose of inspecting the meter on that day. Furthermore, the witness, Kavanaugh, himself, testified for defendant to the same effect and detailed his version of the controversy which he had with plaintiff's nurse in her presence. The witness denies that he was obstreperous, however, but admits that he called at plaintiff's flat and insisted upon entering and passing through the same for the purpose of reading the meter in the basement. Throughout, defendant concedes the agency and that Kavanaugh was in the line of duty, acting for it, in his attempt to obtain access to the meter and disputes only the violent conduct and that it caused the mishap to plaintiff. Manifestly, the argument is without force when viewed in the light of these facts, for the case concedes that the servant was in the line of his duty about the master's business and within the scope of his authority when insisting upon the right to enter plaintiff's house for the purpose of reading the gas meter. Without reference to the answer, we determined the law of the question on the former appeal, as will appear by reference to Bouillon v. Laclede Gas Light Co., 148 Mo. App. 462, 129 S. W. 401.

Plaintiff's first instruction in part reads as follows: "If, therefore, you find and believe from the evidence that said agent did, on or about said date, rap on plaintiff's front door in a loud and boisterous way and uncalled-for manner; that thereupon plaintiff's nurse opened said door and informed said agent of plaintiff's condition, and notified him that no noise must be made in plaintiff's room, etc., etc." This instruction is criticized because it is said the evidence does not warrant the jury in finding that the agent rapped on plaintiff's door in a loud and boisterous way and uncalled-for manner. The argument evidently misconceives the evidence, for plaintiff's nurse gave testimony to the effect that, "Someone knocked on the door, like he was going to knock the door down. He says, 'I am from the Laclede Gas Light Company, I come to read the meter.' I says, 'You can't come in, the lady is awful sick.'" We see no error in submitting this matter to the jury, for, according to plaintiff's theory of the case, it was the initial boisterous act of the agent, giving rise to the conversation with the nurse, which resulted in profane and unseemly conduct on his part.

Defendant's counsel asked Kavanaugh, its agent, when on the witness stand, "What attempt, if any, did you make to enter that room?" The question was objected to on the ground that the witness had already testified touching the matter. The objection was sustained and it is urged this was error. But we believe there was no error in sustaining the objection, for it is shown that the witness had pointedly stated theretofore that he "didn't make any attempt to get into the room."

We see no error in the refusal of the several instructions requested by defendant which the court declined to give. There is nothing whatever in the case suggesting that defendant's agent had stepped aside from the business of his master and entered upon a

quarrel in satisfaction of his own animosity, and the instructions requested on this theory were properly refused. All of the evidence goes to show that the agent was acting in the line of duty about his master's business and within the scope of his authority, insisting upon the right to pass through plaintiff's flat to the basement for the purpose of reading the gas meter therein, and the only issue in the case related to the fact as to whether or not he misbehaved, as testified by plaintiff and her nurse, or conducted himself with moderation and decorum, as testified by him. No one can doubt that the master may be required to respond for the wrongful conduct of his agent acting in the line of duty about the master's business and within the scope of his authority, even though the mode and manner which the agent employs in going about it is wrongful and in direct disobedience to the master's instructions. The proposition is abundantly settled in this jurisdiction. [See Garretzen v. Duenckel, 50 Mo. 104; Bouillon v. Laclede Gas Light Co., 148 Mo. App. 462, 129 S. W. 401.] The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.