I. W. SHANTZ, Respondent v. ETTA V. SHRINER et al., Appellants.

**St. Louis Court of Appeals, October 8, 1912.**

1. **EVIDENCE: Parol Evidence: Contradicting Written Instrument: Chattel Mortgages.** The purpose for which a chattel mortgage is given goes to the consideration, and the consideration mentioned is only prima facie evidence of the actual consideration which passed and may be explained by parol evidence; and hence, in an action by an indorsee of a note secured by a chattel mortgage, to replevy the mortgaged property, evidence that the notes, when given, were secured by a deed of trust on real property, and that it was orally agreed that if the title to such real property was found to be good and free from any incumbrance, except two certain mortgages, the chattel mortgage should be cancelled, was admissible to show the purpose for which the chattel mortgage was issued.

2. **APPELLATE PRACTICE: Evidence: Erroneous Exclusion.** Where evidence tending to sustain a defense pleaded in the answer is erroneously excluded, the error is not rendered harmless by reason of the fact that testimony by the plaintiff which would have tended to destroy such defense, if it had been established, was not disputed by the defendant, since the effect of the exclusion was to strike out the defense and to render any evidence relating thereto irrelevant.

3. ————: **Conclusiveness of Findings of Facts: Equitable Action.** A finding by the trial court with reference to a defense, based entirely on conflicting parol testimony strongly tending to support the finding, will not be reversed on appeal, even though the answer tenders equitable issues and the action is thereby converted into one of equitable cognizance.

4. **APPELLATE PRACTICE: Rulings Reviewable: Necessity of Specifying Errors in Motion for New Trial.** A ruling of the trial court excluding evidence offered is not reviewable on appeal unless such ruling is brought to the attention of the trial court by the motion for a new trial.

Shantz v. Shriner.

5. **PLEADING: Variance: Failure of Proof: Bills and Notes: Alteration.** A borrower executed a principal note for $1100, payable twelve months after date, and two interest notes for $44 each, payable in six and twelve months after date, respectively. The lender, having advanced only $1055 to the borrower, credited the principal note with $45 and each interest note with $1.35, so as to cause them to show the real transaction—a loan of $1055 and interest. In replevin to recover certain chattels mortgaged to secure the notes, the petition described the principal note as for $1055, payable twelve months after date, and the other two as for $42.65, payable six and twelve months after date, and on the trial plaintiff offered in evidence the notes described with the credits indorsed thereon. *Held,* that the entry of the credits amounted to an alteration in the terms of the notes before final agreement, and that the petition properly described them according to their legal effect, and hence that there was no failure of proof nor variance.

6. ————: **Failure of Proof.** Under Sec. 2021, R. S. 1909, to constitute a failure of proof, the allegation of the cause of action must be unproved, not in some particular only, but in its entire scope and meaning; and there is no failure of proof if the gist of the action be proved.

7. **REPLEVIN: Gist of Action.** The gist of an action of replevin is plaintiff's right to immediate possession of the property and defendant's wrongful detention thereof, at the commencement of the suit.

8. ————: ————: **Amount of Debt: Pleading: Variance: Amendment.** In replevin to recover certain chattels covered by a chattel mortgage, whether the mortgage secured a note for one sum or another did not affect plaintiff's right to possession; and hence a discrepancy between the allegation and proof as to the amount for which the note secured by the mortgage was given, was a mere variance which was cured by the court's ordering that the petition be amended as provided by Sec. 1846, R. S. 1909.

9. **APPELLATE PRACTICE: Pleading: Amendments.** Where the trial court orders the petition to be amended to conform to the proof, the amendment will be regarded as having been made, and hence it is immaterial, on appeal, whether or not it was actually made.

[REYNOLDS, P. J., concurs in the judgment of reversal on the ground that the trial court erred in excluding the parol evidence offered.]

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

REVEVRSED AND REMANDED.

*George B. Webster,* for appellants.

(1) The trial court erred in admitting in evidence over the defendants' objection the notes of $1100 and $44, because they were not the notes described in the petition. It amounted to a failure of proof and not a mere variance. Marcum v. Smith, 26 Mo. App. 460; Halpin M. Co. v. School Dist., 54 Mo. App. 371; Gray v. Race, 51 Mo. App. 553; Ringer v. Holtzclaw, 112 Mo. 519. (2) The amended answer tendered equitable issues and the action was thereby converted into a proceeding in equity. Pitts v. Pitts, 201 Mo. 356; Bouton v. Pippin, 192 Mo. 469; Swan v. Stevens, 143 Mo. 384; Shaffer v. Detic, 191 Mo. 388; Wendover v. Baker, 121 Mo. 273. While the trial court's findings in equity are generally deferred to, they are not binding upon the appellate court, and they will be reviewed whenever the record justifies it. Mellier v. Bartlett, 106 Mo. 381; Baker v. Satterfield, 43 Mo. App. 591; Jolly v. Huebler, 132 Mo. App. 675. (3) The circuit court erred in excluding the testimony touching the purpose for which the chattel mortgage and notes sued on were given—to the effect that they were given merely as additional security for the amounts advanced by the plaintiff to protect the defendants' property and covered by the third deed of trust in the same sum. Parol evidence as to the consideration for a written agreement is admissible. Sec. 1974, R. S. Mo. 1909; 4 Wigmore Ev., sec. 2433; Holmes v. Farris, 97 Mo. App. 305; Garr v. Hill, 113 Mo. App. 10; Taylor v. Crockett, 123 Mo. 300; Wood v. Broadley, 76 Mo. 23; Lowrey v. Downey, 150 Ind. 364; Cardinal v. Hadley, 158 Mass. 352.

*Geo. W. Wadlow* for respondent.

(1) Parole evidence is inadmissible to contradict, add to, subtract from, control or vary a written

instrument. Tracy v. The Union Works Co., 104 Mo. 193; Construction Co. v. Tie Co., 185 Mo. 61; Miller v. The Municipal E. L. H. & P. Co., 133 Mo. 220; Boyd v. Paul, 125 Mo. 13; Kessler v. Clayes, 147 Mo. App. 94; Lewis v. Muse, 130 Mo. App. 194. (2) The Court of Appeals will not review errors committed in the trial of a case where the errors were not called to the attention of the trial judge, by a motion for a new trial, or in arrest, and an opportunity given to the trial judge to again consider his ruling. Pogue v. State, 13 Mo. 444; Warner v. Morin, 13 Mo. 455; Banks v. Lades, 39 Mo. 406; McIntire v. McIntire, 80 Mo. 473; City of St. Louis v. Brooks, 107 Mo. 383; Lillie v. Menke, 126 Mo. 228; Danforth v. Railway Co., 123 Mo. 198. (3) Errors committed in the trial of a case should be called to the attention of the trial judge in a motion for a new trial. Bischop v. Ransom, 39 Mo. 416; Lillie v. Menke, 126 Mo. 228. (4) Those errors only can be considered, that are raised on the record proper, by a motion in arrest. Case v. Fogg, 46 Mo. 47; Hurt v. King, 24 Mo. App. 593; Lillie v. Menke, 126 Mo. 228. (5) An express trust to purchase real estate must be in writing. Sec. 2868, R. S. 1909; Hammond's Admrx. v. Cadwallader, 29 Mo. 166; Hillman v. Allen, 145 Mo. 638. (6) A resulting trust in land must be proven by evidence so clear, positive, unequivocal and convincing as to leave no reasonable doubt in the mind of the chancellor. Sec 2869, R. S. 1909; Johnson v. Quareles, 46 Mo. 423; Adams v. Burnes, 96 Mo. 361; Allen v. Logan, 96 Mo. 591; Burdett v. May, 100 Mo. 13; King v. Issley, 116 Mo. 155; Brinkman v. Sunken, 174 Mo. 709; Reed v. Sperry, 193 Mo. 174.

CAULFIELD, J.—Action of replevin to recover possession, after conditions broken, of certain household furniture covered by a chattel mortgage, the plaintiff claiming as endorsee of the notes alleged to be secured by the mortgage. The plaintiff had judgment

for the possession of the property or its value, $1182.15, with one cent damages, and costs, and the defendants have appealed.

It is conceded that not only did defendants execute and deliver said chattel mortgage but they also executed and delivered a deed of trust in the nature of a mortgage conveying defendants' home as security for the same notes. The defendants set up in their answer as a defense, and endeavored and offered to prove at the trial, that the only primary or permanent security for said notes was said deed of trust upon the real estate, the same being and intended to be a third deed of trust—that is, subject to a first deed of trust for $5000 and a second for $3000—and that the chattel mortgage was given tentatively or temporarily, under an agreement between plaintiff and defendants that if, upon examination of the title to said real estate, the same should be found to be good and free from any incumbrances other than the first and second mortgages, the chattel mortgage would be cancelled and held for naught; that upon examination of the title to said real estate the same was found to be good, save as aforesaid, and the plaintiff became bound to cancel said chattel mortgage.

It developing at the trial, however, that such agreement was not in writing but rested in parol, and had been made prior to, or contemporaneously with, the execution and delivery of said chattel mortgage, the trial court rejected all such proof and struck out such defense from the answer on the ground that it was an improper attempt to impeach the written contract between the parties. The defendants duly excepted and assign such rejection of proof as reversible error. The assignment must be sustained, for the trial court clearly erred.

Parol evidence is admissible to show the purpose for which a mortgage was executed. [Jones on Chattel Mortgages, sec. 90.] Thus, it was held that it might

be shown by parol evidence that a mortgage appearing on its face to secure an absolute debt was in fact given to secure a contingent liability of the mortgagee as the mortgagor's surety to an amount not greater than said debt. [Sparks v. Brown, 33 Mo. App. 505; Williams v. Alnutt, 72 Mo. App. 62.] The purpose with which the mortgage is given goes to the consideration, and the consideration mentioned in the mortgage is only prima facie evidence of the consideration and may be explained by parol evidence. [Williams v. Alnutt, 72 Mo. App. 62.]

But plaintiff contends that the judgment should not be reversed on account of the error "because undisputed evidence shows that there was a fourth deed of trust and two judgments, one amounting to $1800, in addition to the liens that the appellants claim were against the property." The weakness of this contention lies in the fact that such evidence consists of the plaintiff's testimony alone and it is fair to conclude that it is "undisputed" only because the trial court's ruling and order forbade defendants' disputing it and struck out the defense, which would make such evidence relevant. That defendants' counsel considered such ruling final and binding on him is shown by his attitude thereafter in cautioning his witness not to volunteer testimony contrary to it.

As a further defense defendants alleged in substance that about a year after the chattel mortgage was given, the real estate was sold by the trustee under the second deed of trust and the plaintiff bought it in, having first agreed, however, with the defendants that he would buy it in, and hold and dispose of it as trustee for himself and for them; that subsequently he sold it for a price more than sufficient to satisfy all liens on the property and repay all plaintiff's loans and advancements, including that claimed to be secured by the chattel mortgage. It is sufficient to say of this that the evidence for and against this defense consisted en-

tirely of parol testimony, was very conflicting but strongly tends to support the finding. Under these circumstances such finding will not be reversed even if, as defendants' counsel asserts, the answer "tendered equitable issues and the action was thereby converted into a proceeding in equity."

The petition described the notes secured by the chattel mortgage as being one note for $1055, payable twelve months after date, and two notes each for $42.65, payable six and twelve months after date. Upon the trial, however, the plaintiff offered in evidence one note for eleven hundred dollars payable twelve months after date with a credit for forty-five dollars indorsed thereon and two notes each for forty-four dollars payable six and twelve months after date, with a credit on each of them of $1.35. Defendants objected to the admission of said notes in evidence saying they were not the notes described in the petition, and assign as error the action of the trial court in overruling such objection. They now assert that "it amounted to a failure of proof and not a mere variance." The point might be ruled against the defendants for the sole reason that it was not urged in the motion for new trial, either that the court erred in admitting evidence, or that there was a failure of proof (Bouillon v. Laclede Gaslight Co., 165 Mo. App. 320, 147 S. W. 1107; Fox v. Young, 22 Mo. App. 386; Putnam v. Hannibal & St. J. R. R. Co., 79 Mo. 388); but as the question may otherwise be raised again on the trial anew we will settle it now on its merits.

Defendants base their contention that there was a failure of proof on the theory that the plaintiff alleged an original contract and was allowed to prove an original contract with a modification. The pleading and proof do not sustain that theory. The evidence in this respect discloses that on November 14, 1907, defendants were being pressed for immediate payment by

167 Mo. App.—41

various creditors, and appealed to plaintiff to advance the sums then needed, the aggregate of such sums being unknown but estimated not to exceed $1100. Plaintiff had the defendants execute and deliver to him a principal note for said estimated sum, $1100, with interest from maturity at eight per cent per annum, and two notes for forty-four dollars each, payable in six and twelve months after date, respectively, representing the interest on said principal sum before maturity. The notes were made payable to J. H. Million, though plaintiff was the real lender, and Million indorsed the notes in blank without recourse on him and left them with plaintiff. Plaintiff then advanced and paid out $1055 for defendants' benefit, and that being the entire amount needed by defendants and intended to be advanced by plaintiff, the latter credited forty-five dollars on the principal note and $1.35 on each of the interest notes, making them represent the actual transaction, viz.: a loan of $1055 with interest thereon. These are the notes which were admitted in evidence and are the only notes which defendants gave to plaintiff or his assignor. In our opinion such credit on the notes, made under the circumstances disclosed, amounted to an alteration in the terms of the notes before final agreement and became part of the original contract and was not a modification in the sense that word is used by the defendants here. The notes were then properly described in the petition according to their legal effect, that is, as notes for the principal sum of $1055, etc., and the proof exactly coincided with this allegation. There was not even a variance, to say nothing of a failure of proof.

Moreover, even had there been a discrepancy between the allegation and the proof as to the amount of the notes, there would have been nothing more than a mere variance and not a failure of proof. To constitute a failure of proof, the allegations of the cause of action must be unproved, not in some particular only,

but in its entire scope and meaning (R. S. 1909, sec. 2021); that is, there is no failure of proof if the gist of the action be proved. [Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978; Ingwerson v. Railroad, 150 Mo. App. 374, 130 S. W. 411.] The gist of this action of replevin was plaintiff's right to the immediate possession of the property and defendants' wrongful detention of it, at the commencement of the suit. [18 Ency. of Pleading and Practice, p. 497; Martin v. Block, 24 Mo. App. 60.] Whether the mortgage secured a note for one sum or another did not affect the right of possession based on it. Such sum was a mere particular, the discrepancy between the allegation and proof of which, was, in our opinion, a mere variance which was cured by the court ordering the pleading to be amended, as it did. [R. S. 1909, sec. 1846.] It is immaterial that the amendment was not actually made, if such be the fact. The circuit court having ordered it, we will regard it as having been made. [Underwood v. Bishop, 67 Mo. 374.]

For the error in rejecting testimony tending to show the purpose for which the chattel mortgage was executed, the judgment is reversed and the cause remanded. *Reynolds, P. J.,* concurs. *Nortoni, J.,* not sitting.

## CONCURRING OPINION.

REYNOLDS, P. J.—I concur in reversal on the ground that the trial court erred in excluding the parol evidence offered. As I understand it, that evidence went to prove failure or lack of consideration, either of which may be proved by parol; it did not go to alter or vary the terms of the written contract, neither of which can be proved by parol.